UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BAKER,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>BRIAN WHITE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No: 12-CV-1273 W (WMc)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND [DOCS. 3, 4]** |

　　Pending before the Court are motions to dismiss under Federal Rules of Civil Procedure 12(b)(6). In support of the motions, Defendants request that the Court take judicial notice of certain public documents from a Civil Service Commission proceeding. Plaintiff Jeffrey Baker opposes the motions.

　　The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS** the request for judicial notice and motions to dismiss [Docs. 3, 4].

//
//
//

## I. BACKGROUND

Plaintiff Jeffrey Baker was an investment officer for Defendant San Diego County Employees Retirement Association (SDCERA). (*Compl.* [Doc. 1], ¶ 1.) SDCERA is a public retirement system and independent association with approximately 36,000 members and $8 billion in assets. (*Id.*, ¶ 16.) As an investment officer, Baker was responsible for monitoring SDCERA investment advisers and managers to ensure they complied with SDCERA's investment policy. (*Id.*, ¶ 10.)

Baker alleges that while employed, he reported violations of SDCERA's risk budget for high yield and U.S. Treasury programs to government agents and his superiors. (*Comp.*, ¶ 1.) As a result, Baker contends that his superiors, Defendants Brian White and Lee Partridge, carried out a campaign of silencing and retaliating against him. (*Id.*, ¶ 2.) Baker was excluded from SDCERA board meetings, and his authority to monitor and supervise SDCERA investment managers and consultants was taken away. (*Id.*, ¶¶ 65–66.) Then on July 29, 2011, Baker's employment was terminated. (*Id.*, ¶ 73; *Def.'s RJN* [Docs. 3-1], Ex. 7 [Doc. 3-10].)

According to SDCERA's Final Order of Termination, Baker was discharged for releasing SDCERA documents to the *San Diego Union Tribune* ("U-T") on or about October 2009 and May 21, 2011, and refusing to cooperate with SDCERA's investigation of the incidents. (*RJN*, Ex. 7 at pp. 6–7.) SDCERA found that this conduct violated various subsections of County Civil Service Rule 7.2, and justified his termination on the following grounds: insubordination (Rule 7.2(c)); conduct unbecoming an officer or employee of the County (Rule 7.2(m)); failure of good behavior (Rule 7.2(r)); and acts incompatible with or inimical to public service (Rule 7.2(s)). (*Id.* at pp. 7–8.) Baker disputed these findings, and on August 5, 2011, appealed his termination to the Civil Service Commission (the "Commission"). (*RJN*, Ex. 8 [Doc. 3-11].) On November 2, 2011, the Commission upheld Baker's termination. (*Id.*, Ex. 6 [Doc. 3-9].)

Baker did not challenge the Commission's decision in state court. Instead, on May 24, 2012, Baker filed this lawsuit for (1) retaliation in violation of 42 U.S.C. § 1983; (2) retaliation in violation of Labor Code § 1102.5; (3) retaliation in violation of California Government Code § 53298; and (4) wrongful interference with contract. Defendants now seek to dismiss the claims arguing that the Commission's findings and decision bar this lawsuit under the doctrine of res judicata.

## II.  MOTION TO DISMISS STANDARD

Courts must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007). The court may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994) (citing Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by* Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).

However, the courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007).

Instead, the allegations in the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

### III.   DISCUSSION

Defendants argue that Baker's Complaint is barred by res judicata. (*Def.s' P&A* [Doc. 3-1], 2:5–9.) Specifically, Defendants contend that (1) the claims in this case were already litigated to a final judgment in the Civil Service Commission Proceeding, and (2) because Baker did not challenge the Commission's decision by filing a writ in the San Diego Superior Court, the Commission's findings constitute a final judgment that bar Baker from relitigating those claims here.

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (quoting Allen v. McCurry, 449 U.S. 90, 93 (1980)). The rule is designed to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen, 449 U.S. at 94.

Consistent with the Full Faith and Credit statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-81 (1984); Holcombe, 477 F.3d at 1097. The same principle applies to administrative agency findings. Eilrich v. Remas, 839 F.2d 630, 632 (9th Cir. 1988). This Court, therefore, must look to California law in evaluating whether Baker's claims are barred.

Under California law, *res judicata* applies when "(1) [a] claim . . . raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." Boeken v. Phillip Morris USA, Inc., 48 Cal. 4th 788, 797 (2010). Res judicata "gives conclusive effect to a final judgment rendered on the merits by a court having jurisdiction of the cause." Schultz v. Harney, 27 Cal. App. 4th 1611, 1619 (1994). However, the claims need not be identical in the two proceedings; instead, the same "primary right" must be at issue. Eaton v. Siemens, 2012 WL 1669680 at *6 (E.D. Cal., May 11, 2012).

As an initial matter, Baker does not dispute that this lawsuit and the Civil Service Commission Proceedings involve the same parties or that the Commission's decision constitutes a final judgment on the merits. (*See Opp.* [Doc. 5].) Indeed, the Complaint and public records from the Civil Service Commission Proceedings establish the same parties are involved in both, and that the Commission issued a judgment, which is final given Baker's failure to challenge the decision in state court. See Jamieson v. City Council of City of Carpenteria, 204 Cal.App.4th 755, 760 (2012) (recognizing that unchallenged administrative decisions have binding, preclusive effect).

The record further establishes that Baker is challenging his termination in both actions and, therefore, the same primary right is involved. See Swartzendruber v. City of San Diego, 3 Cal.App.4th 896, 908 (1992) (holding that plaintiff's claim for federal civil rights violation restated cause of action for wrongful termination in constitutional terms, and thus involved same primary right to continued employment). For this reason alone, this lawsuit is barred under California res judicata law. Id.; see also Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist., 782 F.2d 848, 851 (9th Cir. 1986) (recognizing that under California's primary-right test for claim preclusion, the harm suffered is a significant factor in determining the primary right at stake).

Moreover, the result would be the same if this Court ignored the primary right involved, and instead focused on the theories pled. Baker's first cause of action alleges that he was terminated for exercising his First Amendment right (under the federal and state constitutions) to free speech and petition the government:

> The adverse action was reasonably likely to deter employees from engaging in constitutionally protected speech. The government officials placed Mr. Baker on administrative leave after he voiced his concerns and filed his complaint.

(*See Compl.*, ¶ 113.) Baker's second and third causes of action allege that his termination was because of his whistle-blowing activities related to the alleged mismanagement of SDCERA investments. (*See id.*, ¶¶ 124, 129.) The records from the Civil Service Commission Proceeding establish that these claims were also litigated and decided in that action.

Baker's closing brief to the Commission alleged that Defendants retaliated against and terminated him based on his First Amendment and whistle-blower activities. (*See RJN*, Ex. 10 [Doc. 3-13] at pp. 4–6.) These issues were also addressed by Defendants in their closing brief. (*Id.*, Ex. 9 [Doc. 3-12] at pp. 16–20, 29–35.) And the Commission's Findings, Conclusions and Recommendations establish that Baker's claims were rejected by the Commission, which found that his discharge was appropriate because his conduct violated SDCERA policy and various subsections of Civil Service Rule 7.2. (*Id.*, Ex. 11 [Doc. 3-14] at pp. 14–15.) These findings are also significant because they bar Baker's cause of action for wrongful interference with contract. See Knickerbocker v. City of Stockton, 199 Cal. App. 3d 235, 244–45 (1988) (holding that plaintiff could not maintain theories that were inconsistent with the Civil Service Commission's unchallenged findings).

Baker nevertheless argues that Defendants' motions to dismiss should be denied for several other reasons. First, Baker contends that res judicata is not a proper basis for a motion to dismiss. This argument lacks merit.

Res judicata may be raised on a motion to dismiss if the defense raises no disputed issues of fact. See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984); Wawrzynski v Hibshman, 2011 WL 1004822 at *2 (S.D. Cal. March 18 2011) ("A defendant may raise the affirmative defense of res judicata by motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)."). Here, Defendants' motions are not based on disputed issues of fact. Instead, the motions are based on the allegations in the Complaint and the public records from the Civil Service Commission Proceedings. Judicial notice is appropriate with regard to the public records. Gayle v. County of Marin, 2005 WL 3302860, n. 2 (N.D. Cal., Dec. 6, 2005), aff'd, 257 F. Appx. 37 (9th Cir. 2007). Accordingly, Defendants' res judicata argument is appropriate for a motion to dismiss.

Next Baker argues that the Commission's decision should not be given preclusive effect because the Commission did not hold a hearing on Baker's whistle-blower claim. The Court is not persuaded.

"Federal common law rules of preclusion . . . extend to state administrative adjudications of legal as well as factual issues, even if unreviewed, so long as the state proceeding satisfies the requirements of fairness outlined in United States v. Utah Construction & Mining Co., 384 U.S. 394, 422." Miller v. County of Santa Cruz, 39 F.3d 1030, 1032–1033 (9th Cir. 1994) (citation omitted). These fairness requirements are: "(1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to *litigate*." Id. at 1033 (emphasis added).

Notwithstanding the lack of a live hearing on the whistle-blower issue, the parties' briefs in the administrative proceedings confirm that the issue was litigated. Also clear is that the Commission rejected Baker's claim that he was a whistle blower. Additionally, there is no genuine dispute that Civil Service Commission Proceedings satisfy the Utah Construction fairness requirements. See Miller, 39 F.3d at 1034 (recognizing that there "is no genuine dispute that California would give preclusive

effect to the judgment of the Civil Service Commission" had the plaintiff filed his claim in state court) citing Swartzendruber, 3 Cal.App.4th 896 (giving preclusive effect to unreviewed findings of the City of San Diego's Civil Service Commission).  For these reasons, the Court rejects Baker's contention that the Commission's decision is not entitled to preclusive effect.

Finally, Baker contends that the motion should be denied because he has exhausted his administrative remedies, and that exhaustion is not required for a section 1983 claim.  This argument misses the mark.  Defendants are not arguing that Baker failed to exhaust his administrative remedies.  Rather, Defendants contend that having chosen to appeal his termination to the Commission, Baker's failure to challenge the Commission's decision in state court renders that decision a final judgment on the merits, to which res judicata applies.  Defendants are correct.  See Jamieson, 204 Cal.App.4th at 760 (unchallenged administrative decisions have binding, preclusive effect).  Baker's lawsuit is, therefore, barred.

IV.    CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendants' Request for Judicial Notice [Doc. 3-3] and Defendants' motions to dismiss [Docs. 3, 4] **WITHOUT LEAVE TO AMEND.**

  **IT IS SO ORDERED.**

DATED: March 12, 2013

_____
Hon. Thomas J. Whelan
United States District Judge